4 F.3d 998
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Alvin J. VEASEY, Plaintiff-Appellant,
v.
Gordon POWELL, et al. Defendants-Appellees.
 No. 92-2155.
 United States Court of Appeals, Seventh Circuit.
 Submitted Sept. 7, 1993.*
Decided Sept. 10, 1993.
 
 Before BAUER, Chief Judge, POSNER, Circuit Judge, and ESCHBACH, Senior Circuit Judge.
 
 ORDER
 
 1
 Alvin Veasey filed suit under 42 U.S.C. Sec. 1983 against several officials at the Rock Island County jail for violating his rights under the Eighth and Fourteenth Amendments. Veasey claims that the defendants were negligent in failing to provide a safe and sanitary environment for pretrial detainees. As a result, he slipped and fell in the shower and sustained injury. Also, he alleges that the same defendants were deliberately indifferent to his medical needs not only by failing to attend to his injury for six days, but also by subsequently denying him prescription medication on one occasion. The district court held a bench trial and ruled in favor of the defendants.
 
 
 2
 A pretrial detainee's right under the Due Process Clause of the Fourteenth Amendment not to be punished is at least as broad as a convicted prisoner's freedom from cruel and unusual punishment. Revere v. Massachusetts General Hospital, 463 U.S. 239, 244 (1983); Swofford v. Mandrell, 969 F.2d 547, 549 (7th Cir.1992). Denial of medical treatment is cruel and unusual punishment in violation of the Eighth Amendment only if a prisoner can establish that correctional personnel were deliberately indifferent to a serious medical need. Estelle v. Gamble, 429 U.S. 97, 104 (1976). Ordinary negligence on the part of prison officials, however, does not give rise to a constitutional deprivation. Daniels v. Williams, 474 U.S. 327 (1986) (prisoner injured after slipping on a pillow negligently placed on stairway by prison officer); Davidson v. Cannon, 474 U.S. 344 (1986) (prison officer neglected to read note sent by prisoner warning of potential assault by another inmate). Even gross negligence will not sustain the claim of a due process violation. Salazar v. Chicago, 940 F.2d 233, 240-41 (7th Cir.1991); Martin v. Tyson, 845 F.2d 1451, 1457-8 (7th Cir.1988), cert. denied, 488 U.S. 863 (1988). Certainly, "total unconcern for a prisoner's welfare--coupled with serious risks--is the functional equivalent of wanting harm to come to the prisoner." McGill v. Duckworth, 944 F.2d 344, 347 (7th Cir.1991), cert denied, 112 S.Ct. 1265 (1992). But here that was not the case. Without doubt, it is regrettable that medical care was not more prompt after Veasey fell down in the shower. Too, it is troubling that he encountered some difficulty obtaining medication on one occasion. All this may be indicative of the defendants' lack of due care, "but that lack of care simply does not approach the sort of abusive government conduct that the Due Process Clause was designed to prevent." Cannon, 474 U.S. at 347-48. Compare Hudson v. McMillian, 112 S.Ct. 995 (1992).
 
 
 3
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument". See Fed.R.App.P. 34(a) and Circuit Rule 34(f). No such statement has been filed, so we decide the appeal on the basis of the appellant's brief and the record